**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG INTERNATIONAL (AMERICA), INC.<br><br>Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA
CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Toshiba Samsung Storage Technology Korea Corporation ("TSST-K") files this Complaint for Patent Infringement ("Complaint") against Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG International (America), Inc. (collectively, "LG") and alleges as follows:

**THE PARTIES AND THE PROCEDURAL HISTORY OF THIS CASE**

1.   Plaintiff TSST-K is a corporation organized and existing under the laws of Korea with a principal place of business at 14th Floor, Building No. 102, Digital Empire2, 486, Sin-dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-734, Korea.

2.   Upon information and belief, LG Electronics, Inc. ("LGE") is a corporation organized and existing under the laws of Korea with a principal place of business at 20, Yeouido-dong, Yeongdeungpo-Gu, Seoul, 150-721, Korea.

3. Upon information and belief, LG Electronics U.S.A., Inc. ("LGE USA") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

4. Upon information and belief, LG International (America), Inc. ("LG International America") is a corporation existing and organized under the laws of the State of New York with a principal place of business at 750 The City Drive, Suite 300, Orange, California 92868.

5. TSST-K initially filed and served the claims set forth in this Complaint on or about April 2, 2015, as counterclaims in *LG Electronics, Inc. v. Toshiba Samsung Storage Technology Korea Corporation*, C.A. No. 12-CV-1063 (LPS) (the "*LG v. TSST-K*").  On or about April 6, 2015, TSST-K served its counterclaims in *LG v. TSST-K* on LG International America by an agent for service of process located at 2710 Gateway Oaks Drive, Suite 150, Sacramento, California.  On or about June 26, 2015, in lieu of filing an Answer to TSST-K's complaint, LGE and LGE USA filed a Motion to Dismiss Counterclaims of Induced and Willful Infringement (*LG v. TSST-K* at D.I. 74).   In response, on or about July 17, 2015, TSST-K filed its Answer, Affirmative Defenses and First Amended Counterclaims (*LG v. TSST-K* at D.I. 78).

6. On or about July 22, 2015, the court held a Scheduling Conference in *LG v. TSST-K*.  During the Scheduling Conference, the court granted LG's request to sever TSST-K's counterclaims from the case and instructed TSST-K to open its counterclaims as a new case, which TSST-K has done here.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*., as well as Article III of the Constitution.

8. On information and belief, each of the LG entities is subject to personal jurisdiction in Delaware under the Delaware Long-Arm Statute, 10 Del. Code § 3104, because they have engaged in, *inter alia*, sales and marketing services in Delaware and as such have submitted themselves to the jurisdiction of the Delaware courts.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

**PATENTS-IN-SUIT**

10. On January 17, 2012, the USPTO duly and legally issued Reissued U.S. Patent No. RE43,106 ("the '106 Patent") entitled "Optical Pickup Compatible with a Digital Versatile Disk and a Recordable Compact Disk Using a Holographic Ring Lens" to inventors Jang-Hoon Yoo and Chul-Woo Lee. A copy of the '106 Patents is attached as Exhibit 1 to TSST-K's Complaint.

11. On April 29, 2008, the USPTO duly and legally issued U.S. Patent No. 7,367,037 ("the '037 Patent") entitled "Disk Player, and Turntable Incorporating Self-Compensating Dynamic Balancer, Clamper Incorporating Self-Compensating Dynamic Balancer and Spindle Motor Incorporating Self-Compensating Dynamic Balancer Adopted for Disk Player" to inventors Jin-seung Sohn and Dae-sung Ro. A copy of the '037 Patent is attached as Exhibit 2 to TSST-K's Complaint.

12. On April 13, 2004, the USPTO duly and legally issued U.S. Patent No. 6,721,110 ("the '110 Patent") entitled "Optical Pickup Actuator Driving Method and Apparatus Therefor" to inventors Byung-youn Song and Kyung-sik Shin. A copy of the '110 Patent is attached as Exhibit 3 to TSST-K's Complaint.

13. On August 31, 2004, the USPTO duly and legally issued U.S. Patent No. 6,785,065 ("the '065 Patent") entitled "Optical Pickup Actuator Driving Method and Apparatus

Therefor" to inventors Byung-youn Song and Kyung-sik Shin.  A copy of the '065 Patent is attached as Exhibit 4 to TSST-K's Complaint.

14. Together, the '106 Patent, '037 Patent, '110 Patent, and the '065 Patent are referred to as the "TSST-K Patents-in-Suit."

15. TSST-K possesses the full right and title to assert the TSST-K Patents-in-Suit by reason of assignment.

16. On information and belief, LGE controls LGE USA as set forth in LGE's Consolidated Financial Statements December 31, 2014 and 2013 located on LGE's website at: http://www.lg.com/global/investor-relations/reports/financial-statements.

17. On information and belief, LG, either acting individually or in combination, markets and sells products that practice the TSST-K Patents-in-Suit in the United States and import products that practice the TSST-K Patents-in-Suit into the United States.

18. On or around October 30, 2012, TSST-K stated by a letter to LGE and LGE USA that TSST intended to identify its four representative patents to LG that LGE and LGE USA infringed on or about November 9, 2012.

19. In response, on or around October 31, 2012, LGE and LGE USA stated "We look forward to receiving TSST's identification of its four patents."  On or around November 12, 2012, LGE and LGE USA asked when TSST-K would be identifying the patents it intended to assert.  Subsequently, on or around November 15, 2012, LGE and LGE USA again asked when TSST-K would be identifying the patents that TSST-K intended to assert against LGE and LGE USA.  On or around November 21, 2012, LGE and LGE USA again asked TSST-K for "an identification of the patents" and further indicated, "It would be helpful to the process of

preparing for our settlement meeting if that identification also included the products TSST contends infringe and the claims alleged to be infringed."

20.     On or around November 21, 2012, TSST-K identified the four TSST-K patents-in-suit to LGE and LGE USA by email.

21.     In response, on or around November 21, 2012, LGE and LGE USA stated, "Please advise by return email which claims TSST contends are infringed and which products allegedly infringe which patent claims."

22.     On or around November 22, 2012, TSST-K identified to LGE and LGE USA both the asserted claims of the TSST-K patents-in-suit and the accused LGE and LGE USA optical disk drive ("ODD") products by stating: "TSST asserts that the following claims are infringed by LG's ODD products: '110 patent:  At least claims 40 and 44[;] '065 patent:  At least claims 1,7 and 8[;] '037 patent:  At least claims 1,5 and 9[; and] RE '106 patent:  At least claims 7 and 28."

23.     On information and belief, LGE and LGE USA would have conducted due diligence with respect to the TSST-K Patents-in-Suit upon TSST-K's identification of the TSST-K Patents-in-Suit to LGE and LGE USA.  LGE and LGE USA would have known that its ODD products, which contain an optical pick up unit, the objective lens in the optical pick up unit, actuator motor and the spindle assembly claimed in the TSST-K Patents-in-Suit, infringed the TSST-K Patents-in-Suit.

24.     On information and belief, LGE and LGE USA were and continue to be aware of the existence of the TSST-K Patents-in-Suit, and that the TSST-K Patents-in-Suit cover certain products that LGE USA and LG International America market and sell in the United States and/or that LGE USA and LG International America import into the United States.  LGE and LGE USA were on notice of the TSST-K Patents-in-Suit and the products that practice the

TSST-K Patents-in-Suit by November 22, 2012, through interactions between counsel for LGE and LGE USA, and counsel for TSST-K, as set forth above, and in all events since at least the filing and service of its counterclaims in *LG v. TSST-K*.

25. Despite this knowledge, LGE and LGE USA continue to infringe the TSST-K Patents-in-Suit in willful disregard of TSST-K's rights. LGE has and continues to indirectly infringe one or more claims of the TSST-K Patents-in-Suit by intentionally inducing LGE USA, at least through LGE's control over LGE USA, to sell, offer to sell or import the products that practice the TSST-K Patents-in-Suit.

26. LG International America has been aware of the TSST-K Patents-in-Suit since at least the filing and service of the counterclaims in *LG v. TSST-K*.

## LG'S INFRINGEMENT

27. LGE USA and LG International America offer to sell and/or sell within the United States, and/or import into the United States, including in this judicial district, certain optical disc drives including, but not limited to, BE12LU38, BE14NU40, BH14NS40, BH16NS40, BP40NS20, BT30N, CP40NG10, CT40N, GA31N, GA50N, GE20LU11, GE24LU20, GGC-H20L, GH22LP20, GH22LS50, GH22NS50, GH24LS50, GH24NS50, GH24NS70, GH24NS90, GP70NS50, GS30N, GT40N, GU71N, and GSA-U10N, which directly infringe (literally and/or under the doctrine of equivalents) the TSST-K Patents-in-Suit (the "LG Accused Products").

28. LGE actively induces the infringement of the TSST-K Patents-in-Suit by encouraging and/or instructing LGE USA to use, import, offer for sale and sell the LG Accused Products. LGE knows, as a result of its awareness of the TSST-K Patents-in-Suit from interaction between the parties' counsel on November 22, 2012, and the filing and service of the

counterclaims in *LG v. TSST-K*, that its encouragement and/or instruction with regard to the LG Accused Products causes LGE USA to infringe the TSST-K Patents-in-Suit.

29. On information and belief, the direct infringement by LGE USA that LGE encourages actually occurs and has occurred.

30. As a direct and proximate result of LG's infringement of the TSST-K Patents-in-Suit, TSST-K has been and continues to be damaged in an amount yet to be determined.

31. As a direct and proximate result of LG's infringement of the TSST-K Patents-in-Suit, TSST-K has suffered irreparable injury for which there is no adequate remedy at law. Pursuant to 35 U.S.C. § 284, TSST-K is entitled to an injunction against further infringement by an order preventing LGE USA and LG International America from importing, selling and/or offering for sale any of the LG Accused Products in the United States.

## COUNT I

### Cause of Action for Infringement of U.S. Patent No. RE43,106

32. The allegations contained in paragraphs 1 through 31 above are repeated and realleged as if fully set forth herein.

33. LGE USA and LG International America directly infringed and are directly infringing, *inter alia*, claim 7 of the '106 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the LG Accused Products including, but not limited to, GSA-U10N, GT40N, GS30N, GU71N, GA31N, GA50N, GH24NS70, GE24LU20, GP70NS50, BH16NS40, BT30N, BE12LU38, CT40N, and CP40NG10.

34. LGE indirectly infringed and is indirectly infringing, *inter alia*, claim 7 of the '106 Patent in violation of 35 U.S.C. § 271(b) because LGE induced and is inducing LGE USA

7

to import, use, offer to sell, and/or sell in the United States the LG Accused Products that directly infringe, *inter alia*, claim 7, as set forth in paragraphs 16, 17, 23, 24, 25 and 28 above.

35. On information and belief, LGE's and LGE USA's infringement of the '106 Patent has been willful.

36. As a direct and proximate result of LG's infringement of the '106 Patent, TSST-K has been and continues to be damaged in an amount yet to be determined.

37. Unless enjoined, LG will continue to infringe the '106 Patent.

## COUNT II

### Cause of Action for Infringement of U.S. Patent No. 7,367,037

38. The allegations contained in paragraphs 1 through 31 above are repeated and realleged as if fully set forth herein.

39. LGE USA and LG International America directly infringed and are directly infringing, *inter alia*, claims 1, 5, 8, 9, 10, 15, 16, 18, and 22 of the '037 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the LG Accused Products including, but not limited to, GH24LS50, GH24NS50, GH80N, GH24NS90, GH22LS50, GH22NS50, GH24NS70, GH22LP20, GE20LU11, and GE24LU20.

40. LGE indirectly infringed and is indirectly infringing, *inter alia*, claims 1, 5, 8, 9, 10, 15, 16, 18, and 22 of the '037 Patent in violation of 35 U.S.C. § 271(b) because LGE induced and is inducing LGE USA to import, use, offer to sell, and/or sell in the United States the LG Accused Products that directly infringe, *inter alia*, claims 1, 5, 8, 9, 10, 15, 16, 18, and 22, as set forth in paragraphs 16, 17, 23, 24, 25 and 28 above.

41. On information and belief, LGE's and LGE USA's infringement of the '037 Patent has been willful.

42. As a direct and proximate result of LG's infringement of the '037 Patent, TSST-K has been and continues to be damaged in an amount yet to be determined.

43. Unless enjoined, LG will continue to infringe the '037 Patent.

## COUNT III

### Cause of Action for Infringement of U.S. Patent No. 6,721,110

44. The allegations contained in paragraphs 1 through 31 above are repeated and realleged as if fully set forth herein.

45. LGE USA and LG International America directly infringed and are directly infringing, *inter alia*, claims 40, 44 and 47 of the '110 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the LG Accused Products including, but not limited to, GH24LS50, GH24NS50, GH24NS90, GH22LS50, GH22NS50, GH24NS70, GH22LP20, GE20LU11, GE24LU20, BH14NS40, BH16NS40, BE14NU40, BP40NS20, BE12LU38, and GGC-H20L.

46. LGE indirectly infringed and is indirectly infringing, *inter alia*, claims 40, 44 and 47 of the '110 Patent in violation of 35 U.S.C. § 271(b) because LGE induced and is inducing LGE USA to import, use, offer to sell, and/or sell in the United States the LG Accused Products that directly infringe, *inter alia*, claims 40, 44 and 47, as set forth in paragraphs 16, 17, 23, 24, 25 and 28 above.

47. On information and belief, LGE's and LGE USA's infringement of the '110 Patent has been willful.

48. As a direct and proximate result of LG's infringement of the '110 Patent, TSST-K has been and continues to be damaged in an amount yet to be determined.

49. Unless enjoined, LG will continue to infringe the '110 Patent.

## COUNT IV

### Cause of Action for Infringement of U.S. Patent No. 6,785,065

50. The allegations contained in paragraphs 1 through 31 above are repeated and realleged as if fully set forth herein.

51. LGE USA and LG International America directly infringed and are directly infringing, *inter alia*, claims 1 and 7 of the '065 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the LG Accused Products including, but not limited to, GH24LS50, GH24NS50, GH24NS90, GH22LS50, GH22NS50, GH24NS70, GH22LP20, GE20LU11, GE24LU20, BH14NS40, BH16NS40, BE14NU40, BP40NS20, BE12LU38, and GGC-H20L.

52. LGE indirectly infringed and is indirectly infringing, *inter alia*, claims 1 and 7 of the '065 Patent in violation of 35 U.S.C. § 271(b) because LGE induced and is inducing LGE USA to import, use, offer to sell, and/or sell in the United States the LG Accused Products that directly infringe, *inter alia*, claims 1 and 7, as set forth in paragraphs 16, 17, 23, 24, 25 and 28 above.

53. On information and belief, LGE's and LGE USA's infringement of the '065 Patent has been willful.

54. As a direct and proximate result of LG's infringement of the '065 Patent, TSST-K has been and continues to be damaged in an amount yet to be determined.

55. Unless enjoined, LG will continue to infringe the '065 Patent.

## PRAYER FOR RELIEF

WHEREFORE, TSST-K requests this Court enter the following relief:

A. a judgment that LGE USA and LG International America have directly infringed the TSST-K Patents-in-Suit in violation of 35 U.S.C. § 271(a);

B. a judgment that LGE has indirectly infringed the TSST-K Patents-in-Suit in violation of 35 U.S.C. § 271(b);

C. a judgment that preliminarily and permanently enjoins LG and its respective agents, servants, officers, directors, employees and all other persons acting in concert with them, from directly, or indirectly infringing, the TSST-K Patents-in-Suit;

D. a judgment awarding TSST-K damages for infringement of the TSST-K Patents-in-Suit, including lost profits, but in an amount no less than a reasonable royalty, for the use made of the inventions by LG;

E. a judgment enhancing the damages in an amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284;

F. a judgment awarding TSST-K reasonable attorneys' fees as, provided by 35 U.S.C. § 285;

G. a judgment awarding TSST-K interests and costs;

H. a judgment granting TSST-K such other and further relief as is just and proper

## DEMAND FOR JURY TRIAL

TSST-K demands trial by jury on all its claims and issues so triable.

Dated: August 6, 2015

**OF COUNSEL**

Mark D. Fowler (*pro hac vice*)
Alan A. Limbach (*pro hac vice*)
Brent K. Yamashita (*pro hac vice*)
Saori Kaji (*pro hac vice*)
Katherine Cheung (*pro hac vice*)
Harpreet Singh (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
mark.fowler@dlapiper.com
alan.limbach@dlapiper.com
brent.yamashita@dlapiper.com
saori.kaji@dlapiper.com
harpreet.sing@dlapiper.com

Stanley J. Panikowski (*pro hac vice*)
**DLA PIPER LLP (US)**
401 B. Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
stanley.panikowski@dlapiper.com

**DLA PIPER LLP (US)**

  /s/ *Denise S. Kraft*
Denise S. Kraft (ID No. 2778)
Brian A. Biggs (ID No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-3046
Telephone: 302.468.5700
Facsimile: 302.394.2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Defendant*
*Toshiba Samsung Storage Technology*
*Korea Corporation*