# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG INTERNATIONAL (AMERICA), INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 15-cv-691-LPS-CJB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY LITIGATION PENDING
*INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

Dated: October 27, 2015

**Of Counsel**:

Mark D. Fowler (*Pro Hac Vice*)
Alan A. Limbach (*Pro Hac Vice*)
Brent K. Yamashita (Pro Hac Vice)
Saori Kaji (*Pro Hac Vice*)
Katherine Cheung (*Pro Hac Vice*)
Harpreet Singh (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2048
Facsimile: (650) 687-1138
mark.fowler@dlapiper.com
alan.limbach@dlapiper.com
brent.yamashita@dlapiper.com
saori.kaji@dlapiper.com
katherine.cheung@dlapiper.com
harpreet.singh@dlapiper.com

Denise S. Kraft (Bar No. 2778)
Brian A. Biggs (Bar No. 5591)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801-3046
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiff
Toshiba Samsung Storage Technology Korea
Corporation*

WEST\263072607.3

Stanley J. Panikowski (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 B. Street, Suite 1700
San Diego, CA 92101
Telephone:   (619) 699-2700
Facsimile:    (619) 699-2701
stanley.panikowski@dlapiper.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDING.............................................................. 2

    A. TSST-K Asserts Counter-Claims In The Related Litigation ................................. 2

    B. TSST-K Refiles Its Claims As A Separate Case .................................................... 3

    C. LG Files Its IPR Petitions ....................................................................................... 3

III. ARGUMENT........................................................................................................................ 4

    A. Legal Standard ....................................................................................................... 4

    B. Any Potential Simplification From Staying The Litigation Is Highly Speculative............................................................................................................. 5

    C. A Stay Will Prejudice TSST-K .............................................................................. 7

        1. Timing of LG's IPR Petitions Weighs Against a Stay .............................. 7

        2. Status of the IPR Review Proceeding Weighs Against a Stay................... 8

        3. Relationship of Parties Weighs Against a Stay.......................................... 9

        4. LG's Remaining Arguments Lack Merit .................................................... 9

    D. The Early Stage Of The Litigation Does Not Warrant A Stay ............................ 10

IV. CONCLUSION................................................................................................................... 12

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Apotex, Inc. v. Senju Pharm. Co.*, Ltd.
  921 F. Supp. 2d 308 (D. Del. 2013).................................................................................4

*Automatic Mfg. Sys. v. Primera Tech., Inc.*,
  2013 U.S. Dist. LEXIS 67790 (M.D. Fla. May 13, 2013)..................................................8

*Copy Prot. LLC v. Netflix, Inc.*,
  2015 U.S. Dist. LEXIS 78270 (D. Del. June 17, 2015)...............................................4, 5

*CRFD Research v. Dish Network Corp.*,
  C.A. No. 14-cv-00315-GMS (D. Del.) .............................................................................6

*Davol, Inc. v. Atrium Med. Corp.*,
  2013 U.S. Dist. LEXIS 84533 (D. Del. June 17, 2013)....................................................9

*Freeny v. Apple Inc.*,
  2014 WL 3611948 (E.D. Tex. July 22, 2014) ..................................................................5

*Gold v. Johns–Manville Sales Corp.*,
  723 F.2d 1068 (3d Cir. 1983)........................................................................................4, 7

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
  2012 U.S. Dist. LEXIS 163234 (D. Del. Nov. 15, 2012) ..............................................4, 7

*Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*,
  2013 U.S. Dist. LEXIS 25015 (D. Del. Feb. 25, 2013) ....................................................7

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  2015 U.S. Dist. LEXIS 63859 (D. Del. May 15, 2015).....................................................7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).........................................................................................................4

*McRo, Inc. v. Bethesda Softworks LLC*,
  2014 U.S. Dist. LEXIS 60313 (D. Del. May 1, 2014).......................................................5

*Neste Oil YJj v. Dynamic Fuels, LLC*,
  2013 WL 3353984 (D. Del. July 2, 2013) ........................................................................8

*Nexans Inc. v. Belden Inc.*,
  2014 U.S. Dist. LEXIS 20116 (D. Del. Feb. 19, 2014).....................................................9

Case 1:15-cv-00691-LPS   Document 18   Filed 10/27/15   Page 5 of 17 PageID #: 445

*NuVasive, Inc. v. Neurovision Med. Prods.*,
    2015 U.S. Dist. LEXIS 85894 (D. Del. June 23, 2015) .................................................... 5, 11

*Peschke Map Tech., LLC v. J.J. Gumberg Co.*,
    2014 U.S. Dist. LEXIS 57113 (D. Del. Apr. 24, 2014) .......................................................... 4

*Pragmatus Mobile, LLC v. Amazon.Com, Inc.*,
    2015 U.S. Dist. LEXIS 82256 (D. Del. June 17, 2015) .......................................................... 5

*Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*,
    2014 WL 3819458 (D. Del. Jan. 15, 2014) ............................................................................ 5

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................................................. 8

*VirtualAgility Inc. v. Saleforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................. 4

*Xilinx, Inc. v. Invention Inv. Fund I LP [IV]*,
    2012 U.S. Dist. LEXIS 170736 (N.D. Cal. Nov. 30, 2012) ................................................. 11

## STATUTES

35 U.S.C § 312(a) .............................................................................................................................8

35 U.S.C. § 316(a)(11) .....................................................................................................................3

## OTHER AUTHORITIES

U.S. Patent & Trademark Office, Patent Trial and Appeal Board Statistics
    9/30/2015, http://www.uspto.gov/sites/default/files/documents/2015-09-
    30%20PTAB.pdf (last visited Oct. 26, 2015) ....................................................................... 7

I.      **INTRODUCTION**

Plaintiff Toshiba Samsung Storage Technology Korea Corporation ("TSST-K") files this brief in opposition to Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG International (America), Inc.'s (collectively, "LG") motion to stay litigation pending the outcome of certain *inter partes* review ("IPR") petitions that LG filed with respect to TSST-K's patents-in-suit (the "Motion").

LG has failed to show that a stay is warranted under the facts of this case. In Delaware, the mere filing of an IPR petition generally does not warrant a stay of litigation. Indeed, any potential simplification from a stay is at best speculative where the PTAB has not granted the IPR petitions. In addition, LG jumps the gun in stating that the IPR petitions cover "all asserted claims of each of the four patents-in-suits." The deadline for TSST-K to identify the asserted claims has not yet been set and TSST-K's investigation is ongoing. Importantly, LG's petitions do not cover all claims of TSST-K's patents-in-suit, and TSST-K anticipates asserting claims of TSST-K's patents-in-suit that are not covered by LG's IPR petitions.

LG's Motion is in stark contrast to TSST-K's pending motion for partial stay filed in the parties' related litigation, *LG Electronics, Inc. v. TSST-K*, C.A. No. 1:12-cv-1063-LPS (D.I. 82, 83, 84, 98) (the "Related Litigation"). In the IPR proceedings at issue in TSST-K's motion for partial stay, the PTAB issued final written decisions invalidating certain claims of two of the four LG patents-in-suit. TSST-K's pending motion seeks a partial stay of the Related Litigation pending the Federal Circuit's review of the PTAB's final written decisions. The claims of LG's patents-in-suit at issue on appeal with the Federal Circuit cover all claims of said patents identified in LG's Complaint, which include the independent claim upon which any additional claims that LG has indicated it will assert depend. Thus, issue simplification is not in question in that case. By contrast, here, the PTAB has not even instituted review on LG's IPR petitions.

1

Furthermore, LG's claim that "review has been granted in nearly all of the IPR review petitions" is irrelevant. Additional statistics show that the PTAB is becoming more selective in granting review and often grants review on less than all of the challenged claims. LG's argument that any defendant in any patent litigation is entitled to a stay so long as it files an IPR petition is inconsistent with the relevant Delaware case law and should be rejected.

Given the highly speculative nature of any potential benefit of a stay at this time, TSST-K asks this Court to deny LG's Motion.

## II.   NATURE AND STAGE OF THE PROCEEDING

### A.   TSST-K Asserts Counter-Claims In The Related Litigation

On April 2, 2015, TSST-K filed its Answer, Affirmative Defense and Counterclaims in the Related Litigation asserting infringement of U.S. Patent Nos. RE43,106 (the "'106 patent"), 6,721,110 (the "'110 patent"), 6,785,065 (the "'065 patent"), and 7,367,037 (the "'037 patent") (collectively, "TSST-K Patents-in-Suit"). D.I. 1, ¶ 5; *see also* Related Litigation at D.I. 58. TSST-K previously identified the TSST-K Patents-in-Suit and certain of its claims to LG on November 22, 2012. D.I. 1, ¶ 22.

The parties held a Rule 26(f) conference in the Related Litigation on May 5, 2015, that addressed both LG's claims and TSST-K's counterclaims. Declaration of Denise Kraft in Support of TSST-K's Opposition to LG's Motion to Stay ("Kraft Decl."), ¶ 3. On June 8, 2015, TSST-K also served its Second Set of Interrogatories and Second Set of Requests for Production of Documents that covered discovery with respect to its counterclaims. *Id.*, ¶ 4, Exs. 1, 2. LG requested, and TSST-K agreed to, a 30-day extension to respond to said discovery requests. *Id.*, ¶ 5.

### B. TSST-K Refiles Its Claims As A Separate Case

Pursuant to the Court's instruction at the July 22, 2015, Scheduling Conference in the Related Litigation, TSST-K re-filed its counterclaims in the present litigation on August 6, 2015. D.I. 1, ¶ 5. As a result of the Court's severance of the TSST-K's counterclaims, LG never responded to TSST-K's discovery requests on its patent infringement claims  Kraft Decl., ¶ 5.

Pursuant to a stipulation filed by the parties, LG's response to TSST-K's Complaint is due October 26, 2015.

On September 28, 2015, the Court ordered the parties to hold a Rule 26(f) conference and to submit a proposed scheduling order and a joint case management check list by October 28, 2015.  The Scheduling Conference is anticipated to take place shortly thereafter.

### C. LG Files Its IPR Petitions

On July 30, 2015, LG filed IPR petitions seeking review of claims 40, 44 and 47 of the '110 patent, and claims 1 and 7 of the '065 patent. *Id.*, ¶¶ 7-8.  The '110 patent contains a total of 60 claims. *Id.*, ¶ 7.  The '065 patent contains a total of 10 claims. *Id.*, ¶ 8.

On July 31, 2015, LG filed IPR petitions seeking review of claim 7 of the '106 patent and claims 1, 5, 8, 9, 10, 15, 16, 18 and 22 of the '037 patent. *Id.*, ¶¶ 9-10.  The '106 patent contains a total of 62 claims. *Id.*, ¶ 9.  The '037 patent contains a total of 22 claims. *Id.*, ¶ 10.

TSST-K's deadline to respond to LG's IPR petitions with respect to the TSST-K Patents-in-Suit is November 6, 2015. *Id.*, ¶ 11.  The PTAB is expected to issue its decision whether or not to institute IPR of any petitioned claim of the TSST-K Patents-in-Suit by around February 6, 2016. *Id.*, ¶ 12.

In the event that the PTAB institutes review on one or more of LG's IPR petitions, any such IPR proceeding is not expected to conclude until around February 6, 2017. *Id.*, ¶ 13. *See* 35 U.S.C. § 316(a)(11) (the PTAB is required, by statute, to issue final written determination on

validity within twelve months of deciding to initiate an IPR, with only one possible six-month extension).

## III. ARGUMENT

### A. Legal Standard

District courts have the inherent authority to manage their dockets, including the discretion to stay proceedings where appropriate. *Peschke Map Tech., LLC v. J.J. Gumberg Co.*, No. 12-1525, 2014 U.S. Dist. LEXIS 57113, at *6 (D. Del. Apr. 24, 2014). Courts consider three general factors in determining whether to grant a stay:

> (1) "whether a stay will simplify the issues for trial;"
>
> (2) "whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party;" and
>
> (3) "whether discovery is complete and a trial date set."

*Apotex, Inc. v. Senju Pharm. Co., Ltd.*, 921 F. Supp. 2d 308, 313–14 (D. Del. 2013). And as the Supreme Court and Third Circuit have held:

> It is well settled that before a stay may be issued, the petitioner must demonstrate "a clear case of hardship or inequity," if there is "even a fair possibility" that the stay would work damage on another party.

*Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2012 U.S. Dist. LEXIS 163234, at *9 (D. Del. Nov. 15, 2012).

As the Federal Circuit recently noted, district courts are not obligated to "freeze" litigation by staying the case before the PTAB has actually instituted review of the asserted patent. *VirtualAgility Inc. v. Saleforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). Delaware courts typically deny a motion to stay the litigation before institution of the IPR. *Copy*

4

*Prot. LLC v. Netflix, Inc.*, 2015 U.S. Dist. LEXIS 78270, at *2-3 (D. Del. June 17, 2015) (Stark, J.) ("[T]he IPR petition has not been instituted. Generally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review."); *Pragmatus Mobile, LLC v. Amazon.Com, Inc.*, 2015 U.S. Dist. LEXIS 82256, at *3-4 (D. Del. June 17, 2015) (Stark, J.) (same); *McRo, Inc. v. Bethesda Softworks LLC*, 2014 U.S. Dist. LEXIS 60313, at *13 (D. Del. May 1, 2014) (Burke, J.); *NuVasive, Inc. v. Neurovision Med. Prods.*, 2015 U.S. Dist. LEXIS 85894, at *2-4 (D. Del. June 23, 2015) (Burke, J.).

> B.  **Any Potential Simplification From Staying The Litigation Is Highly Speculative**

LG errs in asserting that a stay will "simplify" the issues for trial. "[T]he 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review." *Copy Prot. LLC*, 2015 U.S. Dist. LEXIS 78270, at *2-3; *Pragmatus Mobile, LLC*, 2015 U.S. Dist. LEXIS 82256, at *3 (quoting *Freeny v. Apple Inc.*, 2014 U.S. Dist. LEXIS 99595, at *9, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014)).

In addition, LG prematurely states that "all the claims at issue in the litigation are challenged in the IPR petitions." D.I. 13 at 8 (emphasis added). LG's IPR petitions cover certain, but not all, of the claims of TSST-K's Patents-in-Suit. D.I. 13 at 5. TSST-K's investigation in the case is ongoing and TSST-K anticipates asserting claims of TSST-K's Patents-in-Suit that are not covered by LG's IPR petitions. LG's reliance on *Princeton Digital Image Corp. v. Konami Digital* for its proposition that a simplification exists because of the "high percentage of the patent's claims (and of the asserted claims in at least the *Ubisoft* Action) potentially at issue before the PTO" is misplaced. 2014 WL 3819458, at *8 (D. Del. Jan. 15, 2014). In *Princeton*, the Court relied on the fact that "[a]ll but six of the 23 patent claims are at

5

issue in the IPR request." *Id.* The same is not true here where LG has sought review on only 15 of a total of 154 claims across the four TSST-K Patents-in-Suit.

LG also relies on *CRFD Research v. Dish Network Corp.*, C.A. Nos. 14-cv-064; 14-cv-313-315 (D. Del. June 3, 2015). The specific facts of that case further underscore that LG's Motion is premature. There, the Court granted a stay even though the IPR had not yet been instituted because "each defendant has now filed an IPR challenging every claim CRFD has asserted against that defendant." *Id.*, slip. op. at 6. In *CRFD*, the patentee made its disclosures pursuant to Paragraph 4.c. of Delaware's Default Standard for Discovery (*i.e.*, a claim chart relating each accused product to each asserted claims each product allegedly infringes) on January 15, 2015, almost 6 months prior the court's order granting the defendants' motion to stay. *See, e.g., CRFD Research, Inc.*, C.A. No. 14-cv-00315-GMS, D.I. 35 (Jan. 15, 2015). Thus, the court was able to accurately assess the overlap of issues and the benefits of simplification from a stay. Similarly, in the Related Litigation, the simplification that would be gained by partially staying the case is apparent where all of the claims of two patents that LG intends to assert are either the subject of the Federal Circuit appeal or depend from a claim at issue in the Federal Circuit appeal. Related Litigation at D.I. 83 at 3. By contrast here, the IPR petitions, even if instituted, would not cover all of the claims that are likely to be at issue in the district court proceeding.

The January 15, 2015 statistics cited by LG are out of context from the facts of this case and are therefore unhelpful. D.I. 13 at 9. To the extent any statistics are relevant, more recent statistics as of September 30, 2015, in fact show the PTAB is becoming more selective in granting IPR review and often grants review on less than all of the challenged claims: (1) the PTAB has instituted trial for only 48.3% of petitions filed (*i.e.*, 996 trials instituted out of 2,059

6

total petitions); (2) the PTAB has instituted review for only 43% of claims challenged (*i.e.*, 13,433 claims instituted out of 31,211 claims challenged); and (3) only 19.7% of those challenged claims were ultimately found invalid by the PTAB (*i.e.*, 6,161 claims found unpatentable out of 31,211 claims challenged). Kraft Decl., ¶ 14, Ex. 3 at  (U.S. Patent & Trademark Office, Patent Trial and Appeal Board Statistics (Sept. 30 2015), 9, 12 (http://www.uspto.gov/sites/default/files/documents/2015-09-30%20PTAB.pdf) (last visited Oct. 26, 2015).

  C. **A Stay Will Prejudice TSST-K**

"It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Intellectual Ventures I LLC v. Toshiba Corp.*, 2015 U.S. Dist. LEXIS 63859, at *8 (D. Del. May 15, 2015) (quoting *Gold*, 723 F.2d 1068, 1075-76). The Court considers the following four sub-factors to determine whether the non-moving party would be unacceptably prejudiced if a stay is granted: (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*, 2013 U.S. Dist. LEXIS 25015, at *15-16 (D. Del. Feb. 25, 2013). "Undue prejudice and clear tactical disadvantages are more likely to exist where the grant of a stay imposes a greater burden on the non-movant that its denial would inflict on movant." *ImageVision.Net, Inc.*, 2012 U.S. Dist. LEXIS 163234, at *7-8.

Each of these sub-factors weighs against a stay.

  1. **Timing of LG's IPR Petitions Weighs Against a Stay**

The timing of LG's petitions evidences its attempt to gain a tactical advantage. As LG stated, "TSST-K first notified LG that TSST-K believed LG infringed the TSST-K patents-in-suit nearly three years ago." D.I. 13 at 9. However, LG waited 3 years prior to filing its IPR

7

petitions. In support of purported prejudice to LG if its request for stay were denied, LG argues that it should first be given an "opportunity" to argue the validity of the TSST-K Patents-in-Suit before the PTAB as TSST-K was able to do. D.I. 13 at 4. LG made a tactical decision not to file an IPR earlier (when it could have). TSST-K should not now be penalized for LG's failure to do so.

### 2.     Status of the IPR Review Proceeding Weighs Against a Stay

By contrast to TSST-K's motion for partial stay in the Related Litigation filed after the PTAB had already invalidated the challenged claims, it is significant that LG's petitions have not even been granted. Specifically, there is no substantive threshold that a party must meet in order to submit an IPR petition to the PTAB and be granted a filing date. *See* 35 U.S.C § 312(a). "In view of this administrative framework, it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO." *Automatic Mfg. Sys. v. Primera Tech., Inc.*, 2013 U.S. Dist. LEXIS 67790, at *7 (M.D. Fla. May 13, 2013). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Universal Electronics v. Universal Remote Control*, 943 F. Supp. 2d 1028, 1035 (C.D. Cal. May 2, 2013). When the only event that has occurred is the filing of an IPR petition, any potential simplification of issues is far too speculative to favor a stay.

Even assuming *arguendo* that the PTAB ultimately institutes IPR for one or more of LG's petitions, a final determination on such an IPR proceeding is not expected until February 2017. The length of the expected delay increases the risk of prejudice to Plaintiff. *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 U.S. Dist. LEXIS 92416, *6-7, 2013 WL 3353984, at *2 (D. Del. July 2, 2013). Given the early stage of any potential IPR proceeding (*i.e.*, LG's petitions

have not yet been granted) and the potential Federal Circuit appeal of any final determination, a stay at this juncture could last two years or more. Such a delay risks undue impairment of TSST-K's patent rights. *Davol, Inc. v. Atrium Med. Corp.*, 2013 U.S. Dist. LEXIS 84533, at *6-7 (D. Del. June 17, 2013).

Even if LG were to renew its motion to stay after institution and the Court were to grant such a motion at a later stage, the combined amount of case-related activity that will have occurred in the interval will not be so significant as to constitute a waste of resources. Adopting and following a Scheduling Order at least until the PTAB decides whether to institute the IPR makes sense. *Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 U.S. Dist. LEXIS 20116, at *12 (D. Del. Feb. 19, 2014) (denying motion for stay until completion of IPR proceeding, which was anticipated to occur within three months from the Court's decision, in part because the "potential benefits of reduced discovery are not likely to be so significant to the parties that they warrant taking this case off of its present scheduling track").

Given that the PTAB has not even instituted IPR, there is insufficient information for the court to assess any effect of simplification. Therefore, the status of the IPR proceeding weighs against granting a stay.

### 3. Relationship of Parties Weighs Against a Stay

On this subfactor, LG argues that TSST-K can be adequately compensated with money damages. But LG cannot credibly contend that money damages will adequately compensate TSST-K for LG's infringement of TSST-K's patents after it argued in opposing TSST-K's motion to stay that money damages will be insufficient to compensate it with respect to its claims.

### 4. LG's Remaining Arguments Lack Merit

Each of the remaining points identified in LG's motion regarding prejudice is without merit.

First, LG's characterization of TSST-K's patent infringement claims as being "retaliatory" and "an effort . . . to place its far younger litigation 'ahead of' the LG litigation" is unsupported by any evidence and ignores the independent merits of each of TSST-K's allegedly dilatory actions. For example LG's timeline of events (D.I. 13 at 10 and 11) identifies TSST-K's motion to dismiss for lack of personal jurisdiction (Related Litigation at D.I. 16-22). LG fails to mention that the court granted TSST-K's said motion to dismiss as to its parent company, Toshiba Samsung Storage Technology Corporation. Related Litigation at D.I. 56. LG's timeline also identifies TSST-K's IPR petitions against two of the four LG Patents-in-Suit. D.I. 13 at 10. As discussed above, the PTAB ultimately invalidated the challenged claims of those two LG Patents-in-Suit. Related Litigation at D.I. 83 at 4-6. Thus, contrary to LG's characterization, each of TSST-K's efforts to streamline the case has been meritorious.

Second, LG's argument that money damages would be sufficient to compensate TSST-K is contradictory to LG's argument in opposing TSST-K's motion for partial stay in the Related Litigation. *See* D.I. 92 at 7, 8. LG's alleged concerns regarding the staleness of evidence and the diminishing value of the patents as licensing assets in that context are equally applicable to TSST-K's Patents-in-Suit. D.I. 92 at 7, 8.

Third, LG's argument that TSST-K delayed in bringing its counterclaims until April 2015 overlooks the fact that TSST-K was legally permitted to assert its claims as counterclaims in the Related Litigation. The fact that TSST-K did so for efficiency's sake does not negate the prejudice to TSST-K that would ensue from staying the case pending speculated IPRs on TSST-K's valid and enforceable patents.

**D.     The Early Stage Of The Litigation Does Not Warrant A Stay**

As stated in LG's motion, LG has been aware of TSST-K's claims as early as November 2012. D.I. 13 at 10. LG was also served with TSST-K's claims on April 2, 2015 when TSST-K

first filed the counterclaims in the Related Litigation. *Id.* at 11. The parties held a Rule 26(f) conference in the Related Litigation on May 5, 2015, that addressed both LG's claims and LG's counterclaims. Kraft Decl., ¶ 3. TSST-K also served its Second Set of Interrogatories and Second Set of Requests for Production of Documents with respect to its counterclaims. *Id.*, ¶ 4, Exs. 1, 2. LG requested, and TSST-K agreed, to a 30-day extension to respond to said discovery requests. *Id.*, ¶ 5. As a result of the Court's severance of the TSST-K's counterclaims, LG never responded to TSST-K's discovery requests on its patent infringement claims. *Id.* LG fails to mention these activities that have occurred with respect to TSST-K's counterclaims in the Related Litigation. TSST-K also re-served its discovery requests on LG following the parties' Rule 26(f) conference on October 21, 2015. *Id.*, ¶ 6.

Furthermore, the fact that the case may be technically at its infancy is not a reason in and of itself to stay a proceeding. *See, e.g., Xilinx, Inc. v. Invention Inv. Fund I LP*, 2012 U.S. Dist. LEXIS 170736 (N.D. Cal. Nov. 30, 2012) (denying IV's motion to stay although the litigation was in its early stages, because both other factors—prejudice and simplification of issues—weighed against the stay).

In opposing TSST-K's motion to stay in the Related Litigation, LG cited the Court's "Revised Procedures for Managing Patent Cases" for the statement that "in the main, cases filed by a plaintiff should move forward – even in the face of early-filed motions that have yet to be fully resolved." Related Litigation at D.I. 92 at 11 (citing *NuVasive, Inc.*., 2015 U.S. Dist. LEXIS 85894). Thus, notwithstanding the foregoing disputes, the case should proceed pending resolution of LG's motion to stay or any other motion that LG may file in the early stages of this case.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny LG's motion to stay.

| | |
|---|---|
| Dated: October 27, 2015 | **DLA PIPER LLP (US)** |
| **Of Counsel**: |   /s/ Denise S. Kraft   |
| | Denise S. Kraft (Bar No. 2778) |
| Mark D. Fowler (*Pro Hac Vice*) | Brian A. Biggs (Bar No. 5591) |
| Alan A. Limbach (*Pro Hac Vice*) | 1201 North Market Street, Suite 2100 |
| Brent K. Yamashita (Pro Hac Vice) | Wilmington, DE  19801-3046 |
| Saori Kaji (*Pro Hac Vice*) | Telephone:  (302) 468-5700 |
| Katherine Cheung (*Pro Hac Vice*) | Facsimile:   (302) 394-2341 |
| Harpreet Singh (*Pro Hac Vice*) | denise.kraft@dlapiper.com |
| **DLA PIPER LLP (US)** | brian.biggs@dlapiper.com |
| 2000 University Avenue | |
| East Palo Alto, CA  94303-2215 | *Attorneys for Plaintiff* |
| Telephone:  (650) 833-2048 | *Toshiba Samsung Storage Technology* |
| Facsimile:   (650) 687-1138 | *Corporation and Toshiba Samsung Storage* |
| mark.fowler@dlapiper.com | *Technology Korea Corporation* |
| alan.limbach@dlapiper.com | |
| brent.yamashita@dlapiper.com | |
| saori.kaji@dlapiper.com | |
| katherine.cheung@dlapiper.com | |
| harpreet.singh@dlapiper.com | |
| | |
| Stanley J. Panikowski (*Pro Hac Vice*) | |
| **DLA PIPER LLP (US)** | |
| 401 B. Street, Suite 1700 | |
| San Diego, CA 92101 | |
| Telephone:  (619) 699-2700 | |
| Facsimile:   (619) 699-2701 | |
| stanley.panikowski@dlapiper.com | |