IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-691-LPS-CJB |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG INTERNATIONAL (AMERICA), INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

1. Before the Court is a motion to stay the proceedings in the instant patent infringement case, filed by Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG International (America), Inc. ("Defendants" or "LG"). (D.I. 12) Defendants seek a stay of this case pending the United States Patent and Trademark Office's ("PTO") resolution of Defendants' petitions for *inter partes* review ("IPR"), which were filed on July 30 and 31, 2015, respectively. With their IPR petitions, Defendants seek to invalidate all 15 claims of the four patents-in-suit (United States Patent Nos. 7,367,037, 6,721,110, RE43,106 and 6,785,065) that Plaintiff Toshiba Samsung Storage Technology Korea Corporation ("Plaintiff" or "TSST-K") specifically calls out in the instant Complaint as being infringed by its competitor, Defendants. (D.I. 1 at 7-10; D.I. 13 at 2-3)[1]

---

[1] TSST-K originally referred to these 15 claims in filing counterclaims for patent infringement against LG in a related matter, *LG Elecs., Inc., et al. v. Toshiba Samsung Storage Tech. Corp., et al.*, Civil Action No. 12-1063-LPS (D. Del.) ("*LG Elecs., Inc.*"). (*LG Elecs., Inc.*, D.I. 58; D.I. 13 at 2) After those counterclaims were severed and dismissed without prejudice, (*LG Elecs., Inc.*, D.I. 81 at 1; D.I. 13 at 3), TSST-K filed the instant Complaint in this matter, listing those 15 claims across the four patents as claims to be asserted in this case.

2. A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).

3. After taking into account the three stay-related factors set forth above (to the extent they are relevant to the Court's decision here), as well as the particular circumstances of this case, the Court will DENY Defendants' motion, with leave to renew the motion after the PTO's Patent Trial and Appeal Board ("PTAB") makes a determination on whether to initiate IPR proceedings in response to Defendants' petitions. The Court determines that this course—as opposed to a decision to grant a stay pending the PTAB's ruling—is the better approach here, for the three reasons set forth below.

4. The first relates to the status of the instant case and the IPR proceeding. Here, the parties agree that because TSST-K's responses to the IPR petitions were due on November 6, 2015, the PTAB is required to rule on the petitions no later than February 6, 2016. (D.I. 13 at 5 n.3, 13; D.I. 18 at 3) As a schedule has not been entered in this case (and will not be entered until the beginning of next week), that means that there will be no more than two months between the institution of a Scheduling Order and the PTAB's decision. Some case-related activity will occur in that time, to be sure. But the scope of that activity is relatively small. As

the parties will be just beginning the "initial disclosures" phase of the schedule, allowing the case to move forward for a short time will not involve, for example, a large-scale expenditure of resources on document production or on claim construction-related activity.[2] Therefore, even if the PTAB ultimately institutes the IPR proceeding, and Defendants then renew their motion to stay thereafter, having proceeded forward with initial discovery in the meantime will not unduly prejudice Defendants or be unduly harmful to the efficient management of these proceedings. *See NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, Civil Action No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015); *McRo, Inc. v. Bethesda Softworks LLC*, Civil Action No. 12-1509-LPS-CJB, 2014 WL 1711028, at *3 (D. Del. May 1, 2014); *cf. Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014) (denying a motion seeking a stay until the completion of an IPR proceeding, which was anticipated to occur within three months from the Court's decision, in part because the "potential benefits of reduced discovery are not likely to be so significant to the parties that they warrant

---

[2] LG notes that between today's date and the PTAB's decision, the following case events may occur: "briefing on LG's motion to dismiss, 26(a) disclosures, negotiation of a protective order, negotiation of an electronic discovery order, TSST-K's identification of accused products and [the fact that] LG will need to begin its collection of core technical documents, which are due to be served in March 2016." (D.I. 23 at 2) But the responsibility to fully brief the motion to dismiss to which LG refers (a recently-filed motion to dismiss for lack of subject matter jurisdiction) is not a real detriment to LG; even if the Court decided to grant the instant motion to stay now, LG was not opposed to the Court excluding the resolution of the motion to dismiss from the scope of that stay. (*Id.* at 1 n.3, *see also* D.I. 25) As for the time and effort that will go into the identification of accused products, that is TSST-K's burden, not LG's, and a burden that TSST-K is more than happy to shoulder. That leaves the remaining above-referenced case events, which no doubt require an investment of resources. But the amount of time and effort to be expended on these matters in the next two months will no doubt pale in comparison to what would be called for, for example, were the expected wait for the PTAB's decision to be many months longer, or were this motion to stay to have been filed at a later stage of this case (when fact discovery or claim construction was in full swing).

taking this case off of its present scheduling track").

5.  Second, denial of the instant motion without prejudice to renew will allow for a better, more fully developed record as to the "simplification of issues" factor. As an initial matter, further clarity will come simply from receiving the PTAB's decision itself. If no review is instituted, the asserted basis for a stay will fall away. If the PTAB does institute a review, the Court can examine the grounds upon which review has been granted (including which of the patent claims currently referenced in the Complaint would be the subject of that review), so as to determine the effect that the PTAB's decision could have on simplifying this case. *See NuVasive, Inc.*, 2015 WL 3918866, at *2; *McRo, Inc.*, 2014 WL 1711028, at *3; *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, Civil Action No. 14-502 (JLL)(JAD), 2014 WL 4271633, at *3 n.2 (D.N.J. Aug. 28, 2014); *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

6.  Moreover, the four patents-in-suit contain a total of 154 claims, only 15 of which are referenced in the Complaint and at issue in LG's IPR petitions. (D.I. 18 at 6) TSST-K has repeatedly stated that it "anticipates asserting [in this case] claims of TSST-K's Patents-in-Suit that are not covered by LG's IPR petitions." (*Id.* at 5; *see also id.* at 1) The Court takes TSST-K at its word. And to the extent that a significant number of patent claims do end up being at issue in this case but are not at issue in any initiated IPR proceedings, that could have an impact on the "simplification" analysis. TSST-K has so far been unwilling to affirmatively state *which* particular claims of the patents-in-suit (beyond those listed in the Complaint) it will in fact assert in this case. But the Court, as set forth below, will require TSST-K to provide that information very shortly after the PTAB issues its decision. That way, if the PTAB does initiate review, and

LG then renews its motion to stay, the Court will have all of the information it needs to make an informed decision on the renewed motion in short order.[3]

7. Third, the Court is also impacted by Chief Judge Stark's views on this subject. Chief Judge Stark recently issued "Revised Procedures for Managing Patent Cases[,]" which, *inter alia*, state that "[g]enerally, we will not defer the [Case Management Conference] and scheduling process due to the pendency of" a motion to dismiss, transfer or stay. Honorable Leonard P. Stark, Revised Procedures for Managing Patent Cases (June 18, 2014), at 6, *available at* http://www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark (follow "New Patent Procedures" tab; then download "Patent Procedures" document). The Court reads this procedure as expressing the District Court's preference that, in the main, cases filed by a plaintiff should move forward. Additionally, in recent opinions, Chief Judge Stark has also stated that "[g]enerally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." *Copy Protection LLC v.*

---

[3] The Court acknowledges that there have been cases where our Court has deemed it appropriate to stay a patent case even prior to the PTAB's decision on whether a petition for IPR will be granted. *See, e.g., Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, Civil Action Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014); *Neste Oil OYJ v. Dynamic Fuels, LLC*, Civil Action No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013). Certain of these decisions were in part motivated by the fact that the moving party submitted statistical data showing that, at the time the motion to stay was pending, the PTAB had granted review in "nearly all" of the IPR petitions on which it had issued decisions. *See, e.g., Princeton Digital Image Corp.*, 2014 WL 3819458, at *2 & n.5; *see also Neste Oil OYJ*, 2013 WL 3353984, at *4 n.4. Yet in those cases this Court was assessing PTAB IPR data from 2013. The record before the Court in this matter, however, indicates that as of February 2015, the PTAB had instituted review on approximately 75% of petitions filed in this calendar year, (D.I. 14, ex. B), and 60% of filed petitions overall, (D.I. 18 at 5-6 (citing D.I. 19, ex. 3); D.I. 23 at 8). The greater the statistical chance that the PTAB will decide not to institute review at all on a petition like LG's, the less reasonable it seems to pause a District Court case in favor of an IPR proceeding that has not yet begun.

*Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (internal quotation marks and citation omitted); *see also Pragmatus Mobile, LLC v. Amazon.com*, C.A. No. 14-436-LPS, C.A. No. 14-440-LPS, 2015 WL 3799433, at *1 (D. Del. June 17, 2015) (same). These statements from the District Court certainly provide the Court leeway to grant the instant motion to stay at this time if all of the facts warrant it. But they also suggest that some caution should be exercised before granting a stay in advance of receiving the PTAB's decision.

8.  In the end, Defendants have made some good arguments in favor of a stay. But for all the reasons set forth above, the Court finds that the circumstances counsel in favor of having the benefit of the PTAB's decision before any decision to grant a stay is made. Defendants' motion to stay is DENIED, without prejudice to their ability to renew the motion after the PTAB has issued a decision on whether to initiate the above-referenced IPR proceeding. In order to conserve litigant and judicial resources, the Court further ORDERS that: (1) no later than five days after the date of the PTAB's decision on whether to institute review, the parties shall advise the Court of the decision by joint letter; in this joint letter, Plaintiff will advise the Court as to which claims of the patents-in-suit it intends to initially assert in this case; (2) no later than five days after that joint letter is filed, Defendants shall file a letter (of no more than three, single-spaced pages) indicating whether they wish to renew their motion to stay, and, if so, describing how the PTAB's decision impacts the merits of the renewed motion; (3) if Defendants do seek to renew the stay motion, then no later than five days after Defendants' letter is filed, Plaintiff shall file a responsive letter (of no more than three, single-spaced pages) discussing its view as to how the PTAB's decision impacts the merits of the renewed motion; and (4) if Defendants' motion is renewed, then aside from the additional letter briefs referred to above, the

Court will otherwise consider the renewed motion on the papers already filed as to the instant motion to stay, as well as on the substance of the parties' arguments made during the November 30, 2015 oral argument.

Dated: December 3, 2015

                                                  Christopher J. Burke
                                                  UNITED STATES MAGISTRATE JUDGE