**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | |
| Plaintiff, | Civil Action No.: 15-cv-00691-LPS-CJB |
| v. | **JURY TRIAL DEMANDED** |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG INTERNATIONAL (AMERICA), INC. | |
| Defendants. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Toshiba Samsung Storage Technology Korea Corporation ("TSST-K"), and Defendants, LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG International (America), Inc. (collectively, "LG Defendants"), by and through their respective counsel, hereby stipulate and agree that this proposed Stipulated Protective Order ("Order") shall govern them in the above-captioned case.  This Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified, this Order shall remain in effect through the conclusion of this litigation.  The parties further acknowledge, as set forth in paragraph 12 below, that the parties must comply with the Local Rule requirements when seeking to file materials under seal.

IT IS THEREFORE ORDERED THAT:

1

1.    **DEFINITIONS.**

a.    <u>Challenging Party</u>. A Party or Non-Party that challenges the designation of information or items under this Order.

b.    <u>Counsel (by itself) or Outside Counsel</u>.  Lawyers who are not employees of a Party but are retained to represent or advise a Party and/or who have appeared in this action on behalf of a Party, as well as such lawyers' support staff, including but not limited to attorneys, paralegals, secretaries, and law clerks to whom it is reasonably necessary to disclose the information for this litigation.

c.    <u>Discovery Material</u>.  Documents, materials, items, and/or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced, disclosed, made available for inspection or generated in response to discovery in connection with this action by any Producing Party to any Receiving Party.  All Discovery Material shall be governed by this Order.

d.    <u>Expert or Consultant</u>.  A person with specialized knowledge or experience in a matter pertinent to the litigation, who (1) has been retained by a Party or its Counsel to serve as an expert or consultant in this action, (2) is not a past or current employee of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee or support staff of a Party or a Party's competitor.

e.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information</u>.  Discovery Material that constitutes confidential technical, sales, marketing, and/or financial information, or other sensitive information qualifying for protection under standards developed pursuant to Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents,

2

or the factual knowledge of persons; constitutes information protected by any federal, Delaware, or other privacy statute; constitutes information protected by an existing contractual obligation requiring the Producing Party to maintain the confidentiality of the information; constitutes extremely sensitive confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  All Discovery Material produced pursuant to Delaware Local Rule 26.2 prior to the entry of this Order shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon the entry of this Order.  The following information is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information:

(a)     Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

(b)     Any information that the Receiving Party can show was already publicly known prior to the disclosure;

(c)     Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

(d)     Any information that was independently developed by the Receiving Party by personnel who did not receive or have access to the Producing Party's Protected Materials.

f.     Non-Party.  Any natural person, partnership, corporation, association or other legal entity not named as a Party.

3

g. <u>Outside Vendor</u>. Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

h. <u>Party</u>. Any party to this action, including all of its officers, directors and employees, consultants, retained experts, and Outside Counsel (and their support staffs).

i. <u>Producing Party</u>. A Party or Non-Party that produces Protected Material in this action.

j. <u>Protected Materials or Protected Information</u>. Discovery Material that is designated by the Producing Party as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in this action.

k. <u>Receiving Party</u>. A Party that receives Protected Material from a Producing Party.

2. Discovery Materials produced in this case from prior litigations shall maintain the confidentiality designations from such prior litigations unless otherwise designated by the Producing Party. Nothing herein prevents the Receiving Party from challenging the confidentiality designation pursuant to the procedures set forth in paragraph 6 of this Order. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Information shall not be used directly or indirectly for any other purpose whatsoever, including without limitation other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Information may be disclosed only to the categories of persons and under

4

the conditions described in this Order.  Materials from prior litigations marked as

CONFIDENTIAL will be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY under this Order.  When the litigation has been terminated, a Receiving Party must

comply with the provisions of paragraph 18 below (DESTRUCTION OR RETURN OF

PROTECTED MATERIALS).

 3. **MANNER AND TIMING OF DESIGNATION.**  The designation of Protected

Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for purposes of this

Order shall be made in the following manner by the Party or Non-Party seeking protection:

 a. In the case of information in documentary or tangible form (*e.g.*, paper or

electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), by affixing the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to every page of any document containing such Protected Information at the time such

information is disclosed, or as soon thereafter as the Party or Non-Party entity seeking protection

becomes aware of the confidential nature of the material disclosed and sought to be protected;

 b. Where electronic files and documents are produced in native electronic

form, such electronic files and documents shall be designated for protection under this Order by

appending to the file names or slip sheets indicating whether the file contains HIGHLY

CONFIDENTIAL –  ATTORNEYS' EYES ONLY" material, or shall use any other reasonable

method for so designating Protected Information produced in electronic format.  When electronic

files or documents are printed for use at deposition, in a court proceeding, or for provision in

printed form to an Expert pre-approved pursuant to paragraph 30 (DISCLOSURE TO EXPERTS

OR CONSULTANTS), the Party printing the electronic files or documents shall affix a legend to

the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file;

      c.     Where information is produced or made available for inspection in some form other than documentary and for any other tangible objects by affixing the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the object or its container (if any) in which the object is stored, or if not possible to mark the object directly, by making the designation in writing in correspondence prior to production of the object or as soon thereafter as the Party or Non-Party entity seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected;

      d.     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Receiving Party has identified the document it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Information;

      e.     In the case of depositions, pretrial and trial testimony: (i) by a statement by Counsel on the record during such deposition, pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (ii) by written notice of such designation sent by Counsel to all parties within thirty (30) calendar days after receipt of the transcript of such testimony.  The

6

parties shall treat all deposition, pretrial and trial testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder until the expiration of thirty (30) days after the receipt of the transcript.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that a substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record that the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only Outside Counsel and authorized individuals who have signed Exhibits A or B as appropriate are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Transcripts containing Protected Information shall have an obvious legend on the title page that the transcript contains Protected Information.  The Producing Party shall inform the court reporter of these requirements.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or by written stipulation, without further order of the Court; and

f.     In the case of Protected Materials used during the course of a deposition as a deposition exhibit or otherwise, that portion of the deposition record reflecting such Protected Materials shall be stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Order.

4.     **CHANGING DESIGNATIONS.**  Each Party retains the right to change the confidentiality designation associated with any documents, information and/or things that the Party has previously produced and/or made available for inspection in this litigation.  When

7

possible or practical, such Party shall re-produce the documents, information and/or things with the new confidentiality designation.  If re-production is not possible or practical, the Party shall provide written notice of the change.  Documents, information and/or things that have been re-designated with  new confidentiality designation(s) shall be treated in accordance with the new confidentiality designation(s) from the date of re-designation forward.  If such Party re-produces the documents, upon receiving re-produced copies, all material that was not designated properly shall be returned or destroyed.

5.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  The Producing Party shall immediately upon discovery of any such mis-designation notify the other parties of the error in writing and provide replacement documents or things bearing the appropriate confidentiality designation.  The Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material produced by the Producing Party before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation for the Protected Information with the correct confidentiality designation under the Order.

6.      **CHALLENGING DESIGNATIONS.**  At any time after the delivery of Protected Materials or the making of Protected Materials available for inspection, any Receiving Party may challenge the confidentiality designation(s) of all or any portion thereof.  Nothing in

this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.

   a.   The Challenging Party shall provide a written notice served on counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated and describe the basis for each challenge.  To avoid any ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

   b.   If an agreement cannot be reached, the Challenging Party shall have seven days to file a joint letter seeking a discovery dispute teleconference pursuant to Judge Stark's Revised Procedures for Managing Patent Cases (Discovery). On any such motion or request for relief, the burden of proof shall lie with the Producing Party to establish that the Protected Materials are, in fact, properly designated as  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".  If the Challenging Party does not timely file a motion for re-designation, then

the Protected Information in dispute shall remain subject to the designation made by the Producing Party.

c.      All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Materials are entitled to confidential treatment.

7.      **ACCESS TO "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIALS.**  Protected Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be  disclosed only to  the following persons ("Qualified Persons"):

a.      Outside Counsel for the Receiving Party provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), on behalf of a Party or a competitor;

b.      Outside Vendors used to process Protected Materials and/or necessary to assist Counsel in the preparation and trial of this action, provided such Outside Vendors agree to maintain the confidentiality of documents pursuant to this Order;

c.      The Court and its personnel including its technical advisor (if one is appointed), the jury, court personnel, court reporters, stenographers and videographers recording testimony or other pretrial proceedings in this action;

d.      Experts or Consultants and their necessary support personnel (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the form attached hereto as Exhibit A, and (3) as to whom no unresolved objections to such disclosure exist after the procedures in paragraph 30 (DISCLOSURE TO EXPERTS OR CONSULTANTS) have been followed;

10

e.      Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material;

f.      Any arbitrator or mediator designated by the Court and/or agreed to by the parties who has signed Exhibit B;

g.      Any person or entity that falls into one of the following categories and has signed Exhibit B: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition and hearings, or other court proceedings in the actions; non–technical jury or trial consulting services; mock jurors, *provided* they are only exposed to Protected Information during the course of a mock trial or similar exercise; and

h.      any other person with the prior written consent or on-the-record consent of the Producing Party.

8.      **LEGAL ADVICE BASED ON PROTECTED MATERIAL.**  Counsel for a Party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of Protected Materials received by the Party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Materials.  Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Information for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Information to an individual who prepared the Protected Information.

9.    **OTHER COURTS AND CASES.**  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be subject to different disclosure conditions in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's Protected Information pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

10.    **PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.** If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the Party to whom the subpoena or other request is directed shall:

a.    promptly notify via written notice to every Producing Party who has produced such documents and to its counsel and provide a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order;

c.    provide each such Producing Party with an opportunity to object to the production of such documents.  If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential

12

material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  If a Producing Party does not seek a protective order with respect to such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Order.

11.     **FILING UNDER SEAL.**  All transcripts of depositions, exhibits, discovery requests or responses, pleadings, briefs, and/or other documents that have been served, exchanged or filed in this case, which have been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

12.     **NO ADMISSION.**  The treatment of another person or Party's Protected Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not operate as an admission by the Receiving Party that the Protected Materials contain or reflect trade secrets or any other type of confidential or proprietary information.

13.     **INADVERTENT OR UNINTENTIONAL DISCLOSURE.**  In the event that privileged information, documents or things are inadvertently or unintentionally disclosed, produced or made available for inspection to the Receiving Party, such disclosure, production or availability for inspection shall not constitute a waiver of the attorney-client privilege, work product immunity pursuant to Federal Rule of Evidence 502 or any other applicable privilege or immunity.  Any Producing Party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity shall make the Receiving Party aware of the inadvertent or unintentional disclosure, production or

13

availability for inspection as soon as is reasonably possible upon discovering the inadvertent disclosure, notify each Receiving Party and provide a privilege log for the inadvertently produced document.  Upon request by the Producing Party, the Receiving Party shall immediately destroy or return all copies of such inadvertently produced materials. Notwithstanding this provision, outside litigation Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  The Receiving Party may not assert waiver of privilege based on an inadvertent production.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

14. If the Producing Party discovers that privileged, work-product, or otherwise protected documents and things have been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing Party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the specific substantive content of the document.  Upon such an oral request, the Receiving Party shall immediately (a) return the documents and things at issues and all copies to the Producing Party, and (b) cease examination or argument regarding the specific substantive content of such documents and things.

15. **RESTRICTED USE OF PROTECTED MATERIAL.**  The Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein.

a. Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, all Protected Information shall be held in confidence by each person to whom it

14

is disclosed, shall be used only for prosecuting, defending, or attempting to settle this litigation, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation, any business or competitive purpose or function or in connection with any other actual or contemplated legal proceeding, patent prosecution or acquisition, patent reexamination or reissue proceedings, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

b.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and hearings and may testify concerning all Protected Information of which such person has prior knowledge.

c.      Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Information in taking testimony at any deposition or hearing provided that the Protected Information is only disclosed to persons: (1) eligible to have access to the Protected Information under the terms of this Order; (2) eligible to have access to the Protected Information by virtue of his or her employment with the Producing Party; (3) whose name appears on the Protected Information, including being identified in the Protected Information as an author, addressee, or copy recipient of such information.  Any person not qualified to view Protected Information under this Order shall be excluded from the portion of the examination that concerns such Protected Information, unless the Producing Party consents in writing or on the record to his or her presence.

d.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as

15

Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

e.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.

f.      Qualified recipients of Protected Information are permitted to make working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

g.      At the request of any Party or Non-Party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the reporter. This request may be made orally during the deposition, as discussed above, or in writing within thirty days of receipt of the rough transcript. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

16

16.     **DURATION.**  After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents, information and things that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

17.     **DESTRUCTION OR RETURN OF PROTECTED MATERIALS.**

a.     Not later than sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Party shall, at the option of the  Receiving Party, either return or destroy all Protected Information, including without limitation physical objects, documents, and electronic information or files which embody Protected Information it has received, and shall also destroy correspondence, memoranda, notes, compilations, summaries, and any other work product materials, which contain or refer to any category of Protected Information.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party after entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all remaining parties in this action.  Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Information.  Notwithstanding this provision, outside litigation Outside Counsel are not required

17

to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at any hearing or trial, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information.

b.      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

18.      **SCOPE OF ORDER.**  This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19.      **NON-PARTIES.**

a.      This Order shall afford all Non-Parties who produce any Protected Materials the same protections afforded to the Parties of this action.  Specifically, Non-Parties shall be entitled to mark any documents, information and things as "HIGHLY CONFIDENTIAL

18

- ATTORNEYS' EYES ONLY."  The Parties to this action agree to treat such marked materials per the terms of this Order.  Information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protection.

b.      A Non-Party's use of this Order to protect its Protected Information does not entitle that Non-Party to access other Protected Information produced in this case.

20.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall provide the Non-Party an opportunity to oppose disclosure.  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  To the extent there is a separate agreement between the Party and Non-Party regarding the production of the Non-Party's confidential information, and that separate agreement conflicts with the procedures set forth above, the Party shall notify the Receiving Party of the separate agreement and a suitable procedure should try to be reached among all involved.

21.      **USE OF PROTECTED INFORMATION AT TRIAL**.  Except as provided otherwise this Order applies to pretrial matters.  The parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Information during the course of trial.

22. **DEFAULT STANDARD FOR DISCOVERY.**  Except as otherwise provided in this Order, another order of the Court or written agreement by the Parties, the Parties shall conduct discovery in accordance with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

23. **UNAUTHORIZED DISCLOSURE.**  In the event of any disclosure of Protected Information other than in a manner authorized by this Order, including any unintentional or inadvertent disclosure, counsel for the Party responsible for the disclosure shall (a) immediately notify in writing the Producing Party (including all Outside Counsel in this action) of all of the pertinent facts, (b) make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) secure the agreement of the unauthorized recipients not to further disseminate the Protected Information in any form, including request such person or persons to execute Exhibits A or B, as appropriate. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

24. **PRIVILEGE LOG.**  No Party shall be required to identify on their respective privilege log any document or communication dated on or after [**PLAINTIFF'S PROPOSAL**: the filing of the lawsuit in the related litigation, *LG Electronics, Inc. v. TSST-K*, C.A. No. 12-cv-1063 (LPS) (*i.e.*, August 22, 2012); **DEFENDANTS' PROPOSAL:** April 2, 2015 (the filing of TSST-K's counterclaims in *LG Electronics, Inc. v. TSST-K*, C.A. No. 12-cv-1063(LPS))], which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

25.     **MISCELLANEOUS PROVISIONS.**  Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an attorney for the Party against whom such waiver will be effective.

26.     **EXPORT CONTROL.**  Protected Information must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Information may not be exported outside the United States.  The restrictions contained within this paragraph may be amended through the written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  The parties agree that Outside Counsel who is authorized to view Protected Information may access Protected Information from outside the United States as reasonably necessary for the case.  The Protected Information accessed by said Outside Counsel outside the United States must be at all times kept within the possession, custody and control of the Outside Counsel.

27.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, the parties may enter a written agreement releasing the parties and any individual subject to this agreement from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.  Similarly, by stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

21

28.   **DISCOVERY FROM EXPERTS.**  The following shall not be subject to discovery: (a) any draft of an Expert's reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation; (b) all communications between counsel for a party, that Party's Expert(s), and/or anyone assisting the Expert; and (c) all materials generated by any Expert with respect to that person's work, except as follows: discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent the non-testifying expert is a fact witness, or to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert explicitly relied upon by that testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion in this case.

29.   **DISCLOSURE TO EXPERTS OR CONSULTANTS.**  Before Counsel for a Receiving Party may disclose any such material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to an Expert or Consultant:

a.   The Party that seeks to disclose an Expert (as defined in this Order) must make a written request to the Producing Party that: (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s) and title; (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a

litigation, at any time during the preceding ten years, including an identification as to whether

the Expert provides or has provided assistance related to the design, development, operation or

patenting of technology and products or the acquisition of intellectual property assets; (6)

identifies (by name and number of the case, filing date, and location of court) any litigation in

connection with which the Expert has offered expert testimony, including through a declaration,

report, or testimony at a deposition or trial, during the preceding ten years; (7) identifies any

work the Expert performed on behalf of the opposing Party to this case, whether as a contractor,

litigation consultant, or expert, at any time; and (8) identifies any patents or public patent

applications in which the Expert is identified as an inventor or applicant, is involved in

prosecuting or maintaining, or has any pecuniary interest.

      b.     Counsel shall provide a copy of this Order to such person, who shall sign

the Agreement attached hereto as Exhibit A.  A signed copy of Exhibit A shall be provided to

the Producing Party.  A Party that provides the information in paragraph 28(a) above may

disclose the subject Protected Information to the Expert unless within 10 (ten) days after

delivering the request, the Party receives a written objection from the Producing Party.  If at

the end of this period, there is no objection, the person shall be deemed approved under this

Order.  No Protected Information shall be disclosed to such Expert until after the expiration

of the foregoing notice period and resolution of any objection.

      c.     If the Producing Party objects to the disclosure of "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" to Receiving Party's Expert or

Consultant, the Producing Party shall notify Counsel for the Receiving Party in writing of the

Producing Party's objection(s) to such disclosure within ten (10) days of receiving notice of

the Receiving Party's intent to disclose.  Any objection must be made for good cause, stating

with particularity the reasons for the objection, assessing the risk of harm that the disclosure

would entail, and suggesting any additional means that could be used to reduce that risk.

        d.      Should the Receiving Party disagree with the basis for the Producing

Party's objection(s), the parties must first attempt to resolve the objection(s) through a meet and

confer call.  If no agreement is reached and the Party desiring to disclose the Protected

Information to an Expert refuses to withdraw the Expert, the Party objecting to the disclosure to

the Expert may file a motion as provided in D. Del. LR 7.1.1, 7.1.2, and 7.1.3 (and in compliance

with D. Del. LR 5.1.3, if applicable).  Any such motion must describe the circumstances with

specificity, set forth in detail the basis of the objection, assess the risk of harm that the disclosure

would entail, and suggest any additional means that could be used to reduce that risk.  In

addition, any such motion must be accompanied by a competent declaration describing the

parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and

confer discussions) and setting forth the reasons advanced by the Producing Party for its refusal

to approve the disclosure.  The objecting party shall have the burden of showing to the Court

proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

outweighs the Receiving Party's need to disclose the Protected Information to the Expert.  The

parties agree to cooperate in good faith to discuss shortening the time frames set forth in this

Section if necessary to abide by any discovery or briefing schedules. Pending a ruling by the

Court upon any such objection(s), the discovery material shall not be disclosed to the person

objected to by the Producing Party.

        30.    **PROSECUTION BAR.**

    Absent written consent from the Producing Party, an individual who receives access to

the Producing Party's Protected Information, shall not be involved in the prosecution of patents

or patent applications on behalf of the Receiving Party relating to the subject matter of the documents or information received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  To avoid any doubt, "prosecution" as used in this paragraph does not include representing any party, including but not limited to the parties to this litigation, [**DEFENDANTS' PROPOSAL**: challenging; **PLAINTIFF'S PROPOSAL**: challenging or defending] a patent before a domestic or foreign agency (including, but not limited to, *inter partes* review, reexamination, covered business method review or reissue proceedings). [**DEFENDANTS' CONDITIONAL PROPOSAL (IF PLAINTIFF'S PROPOSAL ABOVE IS ADOPTED)**: Notwithstanding the foregoing, any individual who receives access to the Producing Party's Protected Information shall not be involved, either directly or indirectly, in amending the claims of a patent being defended before a domestic or foreign agency (including, but not limited to, *inter partes* review, reexamination, covered business method review or reissue proceedings); **PLAINTIFF'S CONDITIONAL PROPOSAL (IF PLAINTIFF'S PROPOSAL ABOVE IS ADOPTED):** DEFENDANTS' CONDITIONAL PROPOSAL not be adopted.]

      This Prosecution Bar shall begin when access to Protected Information is first received by the affected individual and shall end two (2) years after final termination of this action.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | |
| Plaintiff, | Civil Action No.: 15-cv-00691-LPS-CJB |
| v. | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG INTERNATIONAL (AMERICA), INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1.      My name is_____.

2.      I reside at _____.

3.      My present employer is _____.

4.      My present occupation or job description is _____.

5.      I have read the Agreed Protective Order dated _____, 2015, and have

been engaged as _____ on behalf of

_____ in the preparation and conduct of litigation styled *Toshiba*

*Samsung Storage Technology Korea Corporation v. LG Electronics, Inc., et al.*, C.A. No. 15-cv-

00691-LPS-CJB (D. Del.).

6.      I am fully familiar with and agree to comply with and be bound by the provisions

of said Order. I understand that I am to retain all copies of any documents designated as

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or any similar designation, in a

secure manner, and that all copies are to remain in my personal custody until I have completed

my assigned duties, whereupon the copies and any writings prepared by me containing any

information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or any

similar designation, are to be returned to counsel who provided me with such material.

   7.  I will not divulge to persons other than those specifically authorized by said

Order, and will not copy or use except solely for the purpose of this action, any information

obtained pursuant to said Order, except as provided in said Order. I also agree to notify any

stenographic or clerical personnel who are required to assist me of the terms of said Order.

   8.  I will advise any necessary assistant of mine, to the extent permitted under the

Protective Order, of the confidential nature of any Protected Information that I disclose to such

assistant and will be responsible for assuring that such assistant complies with the same

obligations of confidentiality to which I am hereby agreeing.

   9.  I will return all Protected Information that comes into my possession, and all

notes, documents, or things that I prepare relating thereto, to counsel from whom I received the

information.

   10.  I hereby submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcement of this Undertaking pursuant to the

Protective Order.

   11.  I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.


By: _____

Executed on _____, 20_____.

27

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | |
| Plaintiff, | Civil Action No.: 15-cv-00691-LPS-CJB |
| v. | **JURY TRIAL DEMANDED** |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. and LG INTERNATIONAL (AMERICA), INC. | |
| Defendants. | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1.     My name is_____.

2.     I reside at _____.

3.     My present employer is _____.

4.     My present occupation or job description is _____.

5.     I have read the Agreed Protective Order dated _____, 2015, as entered in *Toshiba Samsung Storage Technology Korea Corporation v. LG Electronics, Inc., et al.*, C.A. No. 15-cv-00691-LPS-CJB (D. Del.).

6.     I am fully familiar with and agree to comply with and be bound by the provisions of said Order.

7.     I will comply with all provisions of said Order.

8.     I will return or destroy all Protected Information that comes into my possession.

29

9.      I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

10.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20_____.