IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TOSHIBA SAMSUNG STORAGE TECHNOLOGY KOREA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-691-LPS-CJB |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG INTERNATIONAL (AMERICA), INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

At Wilmington this **4th day of February, 2016**.

**WHEREAS**, the Court has considered the parties' letter submissions, (D.I. 54, 55), relating to Plaintiff Toshiba Samsung Storage Technology Korea Corporation ("TSST-K") and Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. and LG International (America), Inc.'s (collectively, "LG") pending motion to resolve a protective order dispute, (D.I. 47), as well as the parties' arguments made during the February 2, 2016 teleconference with the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. With regard to the parties' dispute as to the scope of the prosecution bar (i.e., whether TSST-K's lead technical counsel in this case and in the other litigation matter proceeding in this Court between the parties, *LG Electronics, Inc., et al. v. TSST-K*, Civil Action No. 12-1063-LPS (the "2012 Litigation"), Alan Limbach and Brent Yamashita, may participate in any post-grant proceedings in which they would be defending the patents-in-suit), the Court

1

will ADOPT TSST-K's proposal. Federal Circuit law governs the determination of whether and under what circumstances a patent prosecution bar should be included in a protective order. *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1377 (Fed. Cir. 2010). In adjudicating disputes over what kind of prosecution bar should be entered, a court must first consider whether there is an "'unacceptable'" risk of inadvertent disclosure or competitive use of confidential information, determined by the extent to which affected counsel is involved in "competitive decisionmaking" with its client. *Id.* at 1378-79 (citation omitted). The Court must then "balanc[e]" that risk against the potential harm the party affected by the portion of the bar at issue would face, were it to be denied its counsel of its choice if that portion of the bar were adopted. *Id.* at 1380. In evaluating the potential for harm that is key to the second prong of the analysis, a court should consider factors such as "the extent and duration of counsel's past history in representing the client before the [United States Patent and Trademark Office, or 'PTO'], the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO." *Id.* at 1381.[1]

---

[1] In *Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (Fed. Cir. 2010), the Federal Circuit stated that a party seeking to include a provision effecting a patent prosecution bar in a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(1), bears the burden of showing good cause for the bar's inclusion. *Deutsche Bank*, 605 F.3d at 1378. The Federal Circuit went on to say that, among other things, the party seeking "imposition of" the bar "must show" that "the scope of activities prohibited by the bar . . . reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Id.* at 1381. On the other hand, the *Deutsche Bank* Court also said that "the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis" that: (1) counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation; and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the

2. With regard to the first prong of the inquiry, the Court agrees with LG that because Mr. Limbach and Mr. Yamashita are substantially involved in both the *inter partes* review ("IPR") proceedings involving TSST-K's patents-in-suit, as well as with the instant litigation, there is some risk that they may "inadvertently rely on or be influenced by information they may learn as trial counsel during the course of litigation" were they, for example, to later

---

potential injury to the opposing party caused by such inadvertent use. *Id.* With all that in mind, in a case like this—where the parties are negotiating over the scope of a protective order that has not yet been entered, where both sides agree that some type of prosecution bar should be included, but where the sides disagree as the scope of that bar—who bears the burden of persuasion here? The references in *Deutsche Bank* to the different responsibilities of different parties, set out above, can create confusion regarding this burden question, and indeed, TSST-K and LG dispute who bears the burden here. (D.I. 54 at 1; D.I. 55 at 2) Courts have also come to different conclusions and taken different approaches to this question in situations like this. *See, e.g., Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, Civil Action No. 14-1006-RGA, Civil Action No. 14-1212-RGA, 2015 WL 7257915, at *1-2 (D. Del. Nov. 17, 2015) (explaining that the "[d]efendants bear the burden to show good cause for the protective [order] provisions for which they advocate" including the "post-grant proceedings bar" that they sought); *Inventor Holdings, LLC v. Wal-Mart Stores Inc.*, Civil Action No. 1:13-cv-00096 (GMS), 2014 WL 4370320, at *2 (D. Del. Aug. 27, 2014) (Lukoff, Special Master) ("[D]etermining the existence and extent of an exemption shifts the burden to the party seeking to have its counsel participate in post-grant proceedings at the PTO."); *EPL Holdings, LLC v. Apple Inc.*, No. C-12-04306 JST (JSC), 2013 WL 2181584, at *2 (N.D. Cal. May 20, 2013) (stating that "because the [c]ourt has not imposed either of the parties' proposed [prosecution bar] provisions, each party bears the burden to demonstrate that its version of the provision should be imposed pursuant to the *Deutsche Bank* standard"). In the Court's view, the result most faithful to the language used in *Deutsche Bank* is that LG bears the burden here to demonstrate good cause for the imposition of the disputed portion of the prosecution bar at issue—that is, that it bears the burden of demonstrating why, after a balancing of the "risk" and "harm" factors, that balance weighs in favor of their proposal. *Deutsche Bank*, 605 F.3d at 1380. After all, no protective order has yet been entered in the case, and LG here is the "party seeking to include in [the] protective order" a particular (disputed) "provision" "effecting" a "patent prosecution bar"—one that would bar affected counsel from defending patents in, *inter alia, inter partes* review proceedings. *Id.* at 1378; *see also EdiSync Sys., LLC v. Adobe Sys., Inc.*, Civil Action No. 12-cv-02231-MSK-MEH, 2013 WL 561474, at *1 (D. Colo. Feb. 13, 2013) ("As the party seeking to expand the scope and duration of the prosecution bar, Defendant bears the burden of demonstrating good cause for the additional restrictions."). And this makes sense, in that it is the party who seeks restrictions on another party's conduct via the entry of a protective order that has the ultimate responsibility to persuade the fact-finder that the restriction should be implemented. Fed. R. Civ. P. 26(c)(1).

participate in the process of "strategically amending or surrendering claim scope" during the IPR proceedings. *Deutsche Bank*, 605 F.3d at 1380; *see also Trans Video Elecs. Ltd. v. Time Warner Cable Inc.*, Civil Action No. 12-1740-LPS, D.I. 38 (D. Del. Jan. 22, 2015) (applying prosecution bar to reexamination proceedings "as [p]laintiff could otherwise pursue narrowing amendments of claims with confidential knowledge as to the impact such amendment would have on its allegations of infringement"). Yet, despite this, it is hard to dispute that the magnitude of this risk is far less pronounced with respect to an IPR proceeding (in which TSST-K's patent claims may be only narrowed, not enlarged) as compared to the prosecution of a new patent before the PTO. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, Civil Action No. 14-1006-RGA, Civil Action No. 14-1212-RGA, 2015 WL 7257915, at *2 (D. Del. Nov. 17, 2015) (explaining that "[i]nvolvement in post-grant proceedings does not raise the same risk of competitive misuse as does involvement in prosecution" because in post-grant proceedings, the patentability of only existing claims is assessed and only narrowing amendments may be made thereto, such that there is "little risk that confidential information learned in litigation will be competitively used to draft claims that read on [d]efendants' products"); *see also, e.g., Ameranth, Inc. v. Pizza Hut, Inc.*, Civil No. 3:11-cv-01810-JLS-NLS, 2012 WL 528248, at *5-6 (S.D. Cal. Feb. 17, 2012); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184-85 (D. Del. 2010); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, No. C09-05897 RS (HRL), 2010 WL 3629830, at *3-4 (N.D. Cal. Sept. 14, 2010).

      3.     As for the second prong of the inquiry, the harm that TSST-K would suffer from having "restrictions imposed on [its] right to have the benefit of counsel of its choice" seems substantial here. *Deutsche Bank*, 605 F.3d at 1380. It is undisputed that Mr. Limbach and Mr.

Yamashita have played substantial roles in not only the 2012 Litigation, but also in the instant case. (D.I. 54 at 3-4; D.I. 55) Furthermore, it is particularly significant here that these two attorneys have already been representing TSST-K in the IPR proceedings for approximately 6 months. While typically an accused infringer will initiate an IPR proceeding some months after having been sued by the patentee in district court, here a request that the IPR be instituted came before the instant case was filed, and well before a Protective Order was to be entered in this case. (*See* D.I. 1; D.I. 13 at 1; D.I. 54 at 4) As a result, were LG's proposal adopted, and if TSST-K wished to have its lead technical counsel be fully apprised of all relevant documents in this case (including those designated as "Protected Information" by the Protective Order), it would be required to jettison in the IPR proceedings the very lawyers who have already shepherded it through a substantial portion of that matter.

  4. Given these circumstances, the Court concludes that LG has not demonstrated that the risk of inadvertent disclosure or of competitive misuse of its confidential information is outweighed by the potential harm to TSST-K in denying TSST-K its counsel of choice. *See Two-Way Media Ltd.*, 2015 WL 7257915, at *2. Good cause thus does not exist to support entry of LG's proposal.

  5. With regard to the parties' dispute concerning the scope of any privilege log to be served in this case, the Court ADOPTS LG's proposal. Although the claims at issue in the instant litigation were originally filed by TSST-K as counterclaims in the 2012 Litigation, Chief Judge Leonard P. Stark later ordered that those counterclaims be severed and be filed in a new case, which became the instant action. In doing so, Chief Judge Stark clearly explained that "in [his] mind" these matters (that is, the claims brought by LG in the 2012 Litigation and the claims

now brought by TSST-K in this case) amounted to "two cases" that were distinct from each other. (2012 Litigation, D.I. 91 at 21) Because this case now clearly stands on its own, it makes sense that the parties should adopt the "more customary" approach of selecting the date on which the instant patent infringement claims were filed (here, the April 2015 date on which TSST-K first asserted the claims as counterclaims in the 2012 Litigation) as the logging date for privileged documents. (D.I. 54 at 4) While doing so may be burdensome to TSST-K for the reasons set out in its letter brief, TSST-K has not provided the Court with any evidence shedding light on the actual scope or impact of that burden. Thus, the Court does not see a sufficient basis to depart from the "customary" approach here.

6. The parties are ORDERED to submit a final proposed Protective Order, incorporating the above decisions, by no later than **February 11, 2016**.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE